IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
DEC 0 7 2018
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| LIONEL SCOTT ELLISON, | CV 18-00173-BLG-DLC |
| Plaintiff, | |
| vs. | ORDER |
| YELLOWSTONE COUNTY, et al., MONTANA CORRECTIONAL OFFICERS UNION, | |
| Defendants. | |

Plaintiff Lionel Ellison, a prisoner proceeding without counsel, has filed a document entitled Petition for Emergency Order of Protection. (Doc. 1.) He seeks an order of protection from Yellowstone County officers and asks the Court to delay his December 14, 2018 re-sentencing in state district court until he can be transported by U.S. Marshals and housed in a federal facility throughout the re-sentencing hearing and his post-conviction process. (Letter to Judge Cavan, Doc. 1-2 at 2.)

Mr. Ellison's request must be denied as he is asking this Court to interfere in a state court criminal proceeding. Challenges to ongoing criminal proceedings are barred by the *Younger* doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). There

is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger*, 401 U.S. at 45; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), cert. denied 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41).

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018)(*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 134 S.Ct. 584, 593–94, 187 L.Ed.2d 505 (2013)). Where all elements are met, the court must dismiss claims for equitable relief because it lacks the discretion to grant such relief.

All the elements of *Younger* abstention are established in this case. First, there are ongoing state criminal proceedings. Mr. Ellison's 2015 state conviction

in Cause No. DC 14-0614 was reversed in part by the Montana Supreme Court on October 16, 2018 and his case was remanded to the Montana Thirteenth Judicial District Court for Yellowstone County for further proceedings. (Doc. 1-1 at 2-3.)

On October 24, 2013, District Judge Blair Jones issued an order setting a December 14, 2018 sentencing hearing in the underlying criminal proceedings and directing the Yellowstone County Sheriff's Department to transport Mr. Ellison from Montana State Prison (MSP) to the Yellowstone County Detention Facility (YCDF) for Mr. Ellison's appearance at the sentencing hearing. (Doc. 1-1 at 4.) Mr. Ellison seeks to challenge this order in the ongoing state criminal proceeding.

Secondly, the state court criminal proceedings revolve around important state interests to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. The Montana Supreme Court remanded Mr. Ellison's case to the state district court for resentencing. This Court may not interfere with the state's interest in resentencing Mr. Ellison.

Third, Mr. Ellison has an adequate opportunity in the state court to raise federal questions and concerns that affect his federal rights. Mr. Ellison has opportunities under Montana law, and the laws and rules of criminal procedure set

forth in Title 46, Mont. Code Ann., to file motions, or to request certain forms of relief from the state court to address his concerns. He is represented by counsel in his underlying state court action and can raise the concerns raised herein with the state court.

Fourth, this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves. Mr. Ellison seeks to challenge the October 24, 2018 order to transport Mr. Ellison for re-sentencing. To grant this request would directly interfere with the re-sentencing hearing.

All four prongs of the *Younger* test have been satisfied and the Court must abstain from adjudicating Mr. Ellison's claims under *Younger*, 401 U.S. 37. Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* (*quoting Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)).

Mr. Ellison may believe he has set forth an extraordinary circumstance but

the Court disagrees. Mr. Ellison has presented a plethora of documents in support of his request but these documents simply raise allegations without any actual evidence to support his claim that he is in danger. His exhibits include the October 16, 2018 Montana Supreme Court decision, the Order setting the December 14, 2018 re-sentencing, two statements from Montana State Prison officers, Mr. Ellison's objections to Magistrate Judge Johnston's November 8, 2018 Findings and Recommendations filed in Civil Action 18-cv-56-BLG-BMM-JTJ, three documents drafted by Mr. Ellison entitled "criminal complaints," two grievances submitted by Mr. Ellison during his incarceration at Yellowstone County Detention Facility, affidavits from his parents, and a number of photos regarding incidents which occurred in 2010 and 2013. (Doc. 1-1.) None of these documents constitute actual evidence that Mr. Ellison is in danger.

Even if the Court were to consider Mr. Ellison's Petition for an Emergency Order of Protection, he has not met the standard for injunctive relief. Mr. Ellison's filing is essentially a request for a temporary restraining order or preliminary injunction. A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse

party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). Mr. Ellison has not met the standard.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc. v. A.. BMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance/or the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations, internal quotation marks omitted).

Mr. Ellison is seeking an order of protection from further physical harm by YCDF officers and senior staff. He contends that Yellowstone County officers had Mr. Ellison stabbed three times during the last time he was in their care and custody.[1] He has provided statements from officers at MSP on offender request forms indicating that they agree that Mr. Ellison should be housed in a facility

---

[1] Mr. Ellison alleged in Civil Action 18-cv-56-BLG-BMM-JTJ, that on or about December 9, 2015, three officers at the Yellowstone County Detention Center (Officers Washington, Groslock and Johnson) put another inmate named Steve Aalgard into Mr. Ellison's cell against Sgt. Pluhar's order. Mr. Aalgard was Mr. Ellison's former employee who had been fired due to drug use and theft. Mr. Ellison alleges the officers ignored his complaints regarding his concern for his safety while housed with Mr. Aalgard. That night, Mr. Aalgard attacked Mr. Ellison and stabbed him three times. Mr. Ellison was able to get the knife from Mr. Aalgard and kicked the knife under the door during the attack. He contends Officer Groslock picked up the knife but did nothing. (Civil Action No. 18-cv-56-BLG-BMM-JTJ Order, Doc. 17 citing Complaint, Doc. 2 at 17.) On November 8, 2018, Officers Washington, Groslock and Johnson were required to respond to these claims.

other than YCDF for his upcoming sentencing. (Doc. 1-1 at 5-7.) Mr. Ellison contends these statements are based on statements and threats made through the Montana Correctional Officers Union that Mr. Ellison will meet with an "accidental" suicide by escape or suicide by hanging while in the care of Yellowstone County. (Doc. 1 at 2.)

Mr. Ellison provides no actual evidence that Yellowstone County officers had him stabbed or that they made statements that he will be harmed while in the custody of Yellowstone County. A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez v. Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). Mr. Ellison has presented a number of allegations but has not made a clear showing that he is in danger.

A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.,* 13 F.3d 1313, 1319–20 (9th Cir. 1994). Mr. Ellison is asking this Court to interfere with state court proceedings without sufficient factual evidence or persuasive law. In addition, Mr. Ellison is represented by counsel in the state court criminal proceedings and can and should address this issue with the state court which directed his transport.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Ellison's Petition for Emergency Order of Protection (Doc. 1) is DENIED.

2. The Clerk of Court is directed to close this matter.

DATED this 7th day of December, 2018.

*Dana L. Christensen*
Dana L. Christensen, Chief District Judge
United States District Court